UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARELLEN CARTER,                    Case No. 03-73373

        Plaintiff,                   DISTRICT JUDGE
                                     ARTHUR J. TARNOW
v.
                                     MAGISTRATE JUDGE
CITY OF DETROIT, et al.,             R. STEVEN WHALEN

        Defendant.

_____/

## ORDER GRANTING CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT [100], GRANTING DEFENDANT AFSCME LOCAL 542's MOTION TO BE REMOVED FROM SUIT [105], AND DENYING PLAINTIFF'S MOTION TO QUASH [113]

## I. INTRODUCTION

Plaintiff filed this lawsuit on September 4, 2003, alleging violations of her civil rights as well as common law tort theories against the following named defendants: City of Detroit Police Department, City of Detroit Fire Department, State of Michigan, Office of Chief Investigator for City of Detroit, Third Judicial Circuit Court, [Wayne Circuit] Judge Vonda Evans, AFSCME Local 542, Wayne County, Wayne County Prosecutor, Detroit City Council, City of Detroit Mayor, Board of Police Commissioners, and a Police Officer Russell.

On July 6, 2004 United States District Judge George Woods issued an order [76] granting Defendant's Wayne County and Wayne County Prosecutor's motion

for summary judgment [73].

On July 7, 2004, Judge Woods issued an order [77] granting Defendant State of Michigan's motion to dismiss [15].

Before the court are motions for summary judgment filed by the City of Detroit Defendants[1] and Defendant AFSCME Local 542. The remaining claims in this case are as follows:

(1)     Unspecified state law tort claims against the City Defendants;
(2)     Unspecified constitutional claims against the City Defendants under 42 U.S.C. § 1983;
(3)     A RICO claim against the City Defendants; and
(4)     Unspecified claims against AFSCME Local 524 for negligence in failing to file a grievance for Plaintiff.

On March 15, 2005, Plaintiff filed a response to Defendants' motions in the form of a "motion to quash all defendants motions for summary judgment." [113]

For the reasons that follow, the court will GRANT the City of Detroit's motion for summary judgment, GRANT Defendant AFSCME Local 542's motion for summary judgment, and DENY Plaintiff's motion to quash.

In addition, Plaintiff has sued several named defendants who either have not appeared or have not been explicitly dismissed by the court's previous orders. For the reasons stated below, the court finds that it lacks jurisdiction over Plaintiff's claims against these defendants. Therefore, Plaintiff's claims against the Third

---

[1]The Defendants referred to as the "City of Detroit Defendants" are the City of Detroit Police Department, the City of Detroit Fire Department, the City of Detroit Board of Police Commissioners, the City of Detroit Office of Chief Investigator, and the City of Detroit Mayor.

Case No. 03-73373

Judicial Circuit Court, Judge Vonda Evans, the Detroit City Council, and Police Officer Russell will be DISMISSED.

## II.  STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421(6th Cir. 1998), *citing Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990).  In *Scheuer v. Rhodes*, the Supreme Court described the test as follows:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Court should liberally construe the complaints of *pro se* plaintiffs and should not hold such complaints to the same stringent standard as formal pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520; 92 S.Ct.

3

594; 30 L.Ed.652 (1972). *Pro se* complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10; 101 S.Ct. 173; 66 L.Ed. 163 (1980). However, it is not the role of the court to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6thCir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Cognizant of the rule set forth in *Hughes*, *supra*, the court has carefully examined Plaintiff's pleadings in this case to determine their merit in light of Defendant's motions.

## III.  DISCUSSION

### A.  City of Detroit Defendants

#### 1.  Tort Claims Against the City Defendants

Under Michigan law, municipal governments and their employees, agents and officers are immune from suit unless their allegedly tortious conduct falls within one of the narrowly defined statutory exceptions to governmental immunity. *See* M.C.L.A. § 691.1407.

There are five statutory exceptions to government immunity:

(1) Bodily injury and property damage arising out of failure to keep highways in reasonable repair; M.C.L.A. § 691.1402;

(2) The negligent operation of a government-owned motor vehicle by an agency's officer, agent, or employee; M.C.L.A. § 691.1405;

4

(3) The dangerous or defective condition in public buildings under the agency's control; M.C.L.A. § 691.1406;

(4) The commission of an act while engaged in a proprietary function; M.C.L.A § 691.1413;

(5) Injuries arising from the ownership or operation of a hospital or county medical facility; M.C.L.A. 691.1407(4);

The scope of immunity under the Act is very broad. *Nawrocki v. Macomb County Road Comm'n*, 463 Mich. 143, 158, 615 N.W.2d 701 (2000). Exceptions to governmental immunity are to be narrowly construed. *Id*.

In order to survive a motion for summary judgment on governmental immunity grounds, a plaintiff must allege facts justifying an exception to governmental immunity. *Musulin v. University of Michigan Bd. of Regents*, 214 Mich. App. 277, 280, 543 N.W.2d 337 (Mich. App. 1995) (citing *Wade v. Dep't of Corrections*, 439 Mich. 158, 161-162, 483 N.W.2d 26 (1992)). The Plaintiff bears the burden of pleading a state tort claim in avoidance of governmental immunity with respect to a government agency and its officers. *Mack v. City of Detroit*, 467 Mich. 186, 204 (2002); *Oliver v. City of Berkley*, 261 F.Supp.2d 870, 886 (E.D. Mich. 2003) (Steeh, J.).

_____There is neither a "gross negligence" nor an intentional tort exception for the immunity of governmental *agencies* under Michigan's immunity statute. *See Sudul v. Hamtramck*, 221 Mich. App. 455, 484; 562 N.W.2d 478, 490 (1997) (Murphy, J. concurring in part and dissenting in part ("[C]laims against individual police officers for assault, battery, and excessive force survive governmental

Case No. 03-73373

immunity, while claims against the governmental agencies for these torts would not survive governmental immunity."). In other words:

> [W]hereas "a city cannot be held vicariously liable for torts of its police officers committed during the course of an arrest because the officers were engaged in police activity, which is a governmental function entitled to immunity," there is no individual immunity for the police officers from tort liability for tortious performance of a duty–specifically excessive force in effecting an arrest.

*Id* (citing *Ross v. consumers Power Co. (On Rehearing)*, 420 Mich 567, 625; 363 N.W.2d 641 (1984).

_____In this case, Plaintiff has not claimed that the City Defendants' conduct falls within any of the enumerated exceptions to government immunity. Even if Plaintiff can demonstrate that an individual city officer abused her or her family, she cannot maintain a state tort claim against City or its agencies. Therefore, Defendants motion to dismiss will be GRANTED as to Plaintiff's state law tort claims.

## 2. Constitutional Claims Against the City Defendants

_____Plaintiff's complaint alleges that various City of Detroit agencies and officials failed to address her complaints of harassment by Detroit Police Department officers. Plaintiff seeks money damages against the City Defendants for their allegedly unconstitutional behavior. On March 5, 2004, Plaintiff filed a document titled, "Reserving the rights of the Plaintiffs to ask for and seek monetary compensation from Defendants." [ECF #27].

"[A] municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). "Municipal liability must rest on a direct causal connection between the policies or customs of the city and the constitutional injury to the plaintiff; '*respondeat superior* or vicarious liability will not attach under § 1983.'" *Gray v. City of Detroit*, ---F.3d.----, 2005 WL 464856 (6th Cir. March 1, 2005) (quoting *City of Canton*, 489 U.S. at 385).

In this case, Plaintiff's claims against the city are essentially rooted in a *respondeat superior* theory of liability. Plaintiff does not allege a particular City policy and custom, other than to suggest that because certain officers have harassed her family, and because the City has not acted upon her specific demands for relief, the City must maintain such a policy of oppression. Plaintiff's allegations are not sufficient to form the basis of a §1983 case against the City. Therefore, Defendants' motion to dismiss is GRANTED as to Plaintiff's constitutional claims.

### 3. <u>RICO</u> <u>Claim</u> <u>Against</u> <u>the</u> <u>City</u> <u>Defendants</u>

In order to state a claim under the civil RICO statute, a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Call v. Watts,* 142 F.3d 432 (6th Cir. 1998) (unpublished) (citing 18 U.S.C. § 1964). Plaintiff's complaint and pleadings do not allege any particular facts sufficient to state a claim for relief under the RICO statute.

_____ In addition, government entities cannot be subject to liability under RICO because they lack the capability to form the *mens rea* requisite to the commission of the predicate acts. *Id*. Therefore, even if Plaintiff's complaint did specifically allege conduct of an enterprise through a pattern of racketeering activity, the City Defendants would not be liable.  Therefore, the City of Detroit's motion for summary judgment as to Plaintiff's RICO claims is GRANTED.

## B.  Defendant AFSCME Local 542

Defendant AFSCME Local 542 has filed a special appearance to contest service under Fed. R. Civ. P. 4.

At the motion hearing held on April 21, 2005, Plaintiff presented a witness who testified that he served AFSCME with a copy of the summons and Plaintiff's exhibits.  Based on the record developed at the hearing, the court determined as a matter of fact that AFSCME was properly served in this case.  However, this does not resolve the question of whether or not the court has jurisdiction over Plaintiff's claims against AFSCME.  For the reasons that follow, the court holds that federal jurisdiction over Plaintiff's claims against AFSCME is not present.  Therefore, these claims will be dismissed.

Plaintiff was apparently an employee of the City of Detroit.  Employees of political subdivisions are not covered by the federal labor laws.  *Demings v. City of Ecorse*, 127 Mich. App. 608, 615, 339 N.W.2d 498 (Mich. App. 1983) (citing LMRA, § 2(2), 29 U.S.C. § 152(2)).  However, employees such as Plaintiff are

protected by Michigan's analogous public employment relations act (PERA). *Id.* (citing M.C.L. § 423.201 *et seq*.). Public employees who are members of unions may pursue a cause of action for breach of the duty of fair representation in state court. *Id.* (citing *Lowe v. Hotel & Restaurant Employees Union*, *Local 705*, 389 Mich. 123, 145, 205 N.W.2d 167 (1973)).

In light of the foregoing discussion, it is unclear to the court why Local 542 decided to contest service in this matter rather than accepting service and responding on the merits. However, even if Local 542 were properly served, the court would still lack jurisdiction over Plaintiff's claims. Therefore, Plaintiff's claims against Defendant AFSCME Local 542 are DISMISSED.

## C. Remaining Defendants

There are several other defendants named in Plaintiff's complaint who either have not been expressly dismissed or have not appeared in this case to respond to her claims. Because the Court lacks jurisdiction over Plaintiff's claims against these remaining defendants, they will be DISMISSED from the case.

## 1. Third Judicial Circuit Court

On July 7, 2004, Judge Woods issued an order dismissing Plaintiff's claims against the State of Michigan in part based on the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court has jurisdiction to review the decision of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

As to the application of the *Rooker-Feldman* doctrine to Plaintiff's claims in this case, Judge Woods held as follows:

> The Court is convinced that the Rooker-Feldman doctrine precludes Plaintiff's claims as to the State of Michigan.  This Court agrees that Plaintiff's civil rights claims are an overt attack on the propriety of the state court's judgment, and that the claims against the state are "inextricably intertwined" with the state criminal proceedings.  See [Feldman], 460 U.S. at 483 n. 16 (1983) (noting that "impermissible appellate review may occur when a district court is asked to entertain a claim that was not even argued in the state court but is 'inextricably intertwined' with the state court judgment.").  From the foregoing, it is evident that a central feature of [Plaintiff's] federal civil rights claims is her contention that the state court prosecution against her son was baseless.  Thus, to grant Carter the relief she requests, the Court would effectively have to reverse her son's state court conviction and void the state court's rulings.

Order Granting State of Michigan's Motion to Dismiss at 5-7.

Judge Woods' reasoning applies with equal force to Plaintiff's claims against the Third Judicial Circuit Court of Michigan.  Therefore, Plaintiff's claims against the Third Judicial Circuit Court are DISMISSED for lack of subject matter jurisdiction.

## 2.  Judge Vonda Evans

Under the *Rooker-Feldman* doctrine, the Court also lacks subject matter jurisdiction over Plaintiff's claims against Wayne Circuit Judge Vonda Evans. However, the Court also notes that Plaintiff's allegations against Judge Evans are limited to actions taken in her capacity as a circuit court judge.  Therefore, she is immune from suit unless she acted in the "clear absence of all jurisdiction."

*Stump v. Sparkman*, 435 U.S. 349, 356.  (1978)

In *Stump*, the Supreme Court held that the scope of a judge's jurisdiction, and thus her immunity, is to be interpreted broadly.  *Id.*  "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of authority."  *Id* (internal citations omitted).

In this case, there is no suggestion that Judge Evans acted in the clear absence of jurisdiction.  Therefore, Plaintiff's claims against Judge Evans are DISMISSED for lack of subject matter jurisdiction and under the doctrine of judicial immunity.

### 3.  Police Officer Russell

The only individual defendant named in Plaintiff's complaint is identified as "Police Officer Russell."  It does not appear that Officer Russell was personally served with a summons and a copy of Plaintiff's complaint.  In addition, the Court examined  Plaintiff's exhibits and could not identify which of Plaintiff's allegations apply to Police Officer Russell.

The Court is unable to determine who Officer Russell is and why he may be liable for any constitutional violations or other tortious conduct.  Therefore, Plaintiff's claims against Police Officer Russell are DISMISSED.

### 4.  Detroit City Council

Plaintiff's complaint does not describe her theory of recovery against the Detroit City Council.  Plaintiff's exhibits contain numerous letters written by Plaintiff to the City Council describing her allegations concerning her son's

prosecution as well as her allegations of harassment by police officers and other officials.  It appears that City Council responded to Plaintiff's letters in part by referring her case to the Office of the Chief Investigator for the City of Detroit.

Based on its review of the Plaintiff's complaint and exhibits, the Court cannot ascertain a theory of liability against the Detroit City Council which would provide the Court with federal subject matter jurisdiction over Plaintiff's claims. Therefore, Plaintiff's claims against the Detroit City Council are DISMISSED.

### 5.  Charles Walker, Deon Peoples, Lamar Penn, Patrick McNutty, Unidentified Detroit Police Department Officers

On August 30, 2004, Plaintiff filed an amended complaint through her newly-obtained attorney.  Plaintiff's amended complaint named Charles Walker, Deon Peoples, Lamar Penn, Patrick McNutty, and Unidentified Police Department Officers as defendants.

On November 30, 2004, the Court granted Plaintiff's counsel's motion to withdraw from the case.  The Court also ordered the first amended complaint stricken from the case and reinstated Plaintiff's original complaint.  Therefore, there are no claims currently pending against Charles Walker, Deon Peoples, Lamar Penn, Patrick McNutty, and the unidentified Detroit Police Department Officers.

12

Case No. 03-73373

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)    Defendant City of Detroit's motion for summary judgment is
       GRANTED;
(2)    Defendant AFSCME Local 542's motion to be removed from suit is
       GRANTED
(3)    Plaintiff's motion to quash is DENIED;
(4)    Plaintiff's claims against the Third Judicial Circuit Court are
       DISMISSED;
(5)    Plaintiff claims against Wayne Circuit Judge Vonda Evans are
       DISMISSED;
(6)    Plaintiff's claims against Police Officer Russell are DISMISSED;
(7)    Plaintiff's claims against the Detroit City Council are DISMISSED.

IT IS SO ORDERED.


                              s/Arthur J. Tarnow

                              Arthur J. Tarnow
                              United States District Judge


Dated:  April 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on
April 25, 2005, by electronic and/or ordinary mail.

                              s/Theresa Taylor
                              Case Manager

13